## C. T. AEBY v. THE STATE.

### No. 5193.  Decided November 20, 1918.

**Theft—Insufficiency of the Evidence—Fraudulent Intent.**

Where, upon trial of theft of an automobile, the evidence failed to show a fraudulent intent on the part of the defendant to deprive the owner of the value of the car, the conviction could not be sustained.  Following Smith v. State, 64 Texas Crim. Rep., 454.  Prendergast, Judge, dissenting.

Appeal from the Criminal District Court of Dallas.  Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of theft of an automobile; penalty, a fine of one hundred dollars.

The opinion states the case.

*Synnott & Duggan,* for appellant.—Cited Hannah v. State, 1 Texas Crim. App., 578; Porter v. State, 45 Texas Crim. Rep., 66.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The appellant was convicted of a misdemeanor theft.  He was indicted for the theft of an automobile, and the conviction is based upon the theory he took the automobile with the intent to steal it and made a voluntary return.

The evidence is circumstantial, and we think insufficient.  Van Pelt, the owner of a Ford automobile, drove from Royse, in Rockwall County, to Dallas, taking in his car appellant and two other persons.  The car was left standing on the street about noon, and about an hour· later Van Pelt missed it.  Appellant disclaimed any knowledge of it, and the evidence shows without contradiction that he remained in Dallas and was in company with Van Pelt and others several hours after the car disappeared.  On the following morning he told the city marshal of Royse, and through him advised Van Pelt, that he had found the car at Terrell.  He claimed to have gone to Terrell from Dallas in a Maxwell car in which he hired passage, and there was evidence corroborating this statement.  He accounted for his connection with the stolen car by the statement that in entering Terrell on the evening that he left Dallas he saw the abandoned car on the wayside, which he later identified as the stolen car.  There was some evidence that he was seen in a Ford car in Terrell on the night of the day on which the car was lost.  On this point there was a sharp conflict, and there was evidence other than that of appellant that he was in the Maxwell car on that occasion.  He drove the stolen car into Terrell the next morning, disclaiming ownership of it, and stating to various persons, including the officers, that it was a stolen car, and promptly through them notifying the owner over the telephone.

Appellant's declaration of the ownership of the car in Van Pelt, that it was a stolen car, and had been found by him, was an explanation of

his possession of the car consistent with his innocence which, we think, was not overcome by the circumstances relied upon to establish his guilt. Such inferences against him as are deducible from the evidence would be quite as consistent with the theory that his possession of the car, if wrongful, was with the intent to use it on his trip to Terrell as with his intent to fraudulently appropriate it. His connection with the taking of it at Dallas is not conclusive. The car was moved by someone from the place at which the owner left it about noon, and as late as 4:30 o'clock in the afternoon the appellant was in company with the owner, and was not then shown to be in possession of it His manner of going to Terrell and his reason therefor are not disproved with a certainty necessary in a case of circumstantial evidence. On the contrary, his manner of going is corroborated. The evidence pointing to an absence of fraudulent intent to deprive the owner of the value of the car is similar to that controlling the decision of Smith v. State, 64 Texas Crim. Rep.. 454, 142 S. W. Rep., 1173, and some of the cases therein cited.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, Judge.—I believe the evidence was amply sufficient and the jury and court below so held.