## C. D. WEEKS v. THE STATE.

No. 13127.   Delivered March 12, 1930.
Reported in 25 S. W. (2d) 855.

The opinion states the case.

*A. B. Crane* and *Gerron & Gerron,* all of Raymondville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is theft, a felony; the punishment, confinement in the penitentiary for two years.

Appellant desired to move some intoxicating liquor up the bay to Riviera. He and witnesses for the state secured a boat belonging to a Mr. Raymond. They went to Raymond's boat-house and took the boat out without his consent. The whiskey was loaded in it, and those engaged with appellant in the unlawful enterprise started up

the bay with the boat. Appellant remained behind. He was to meet the parties at Riviera and receive the intoxicating liquor. The parties got in shallow water and were unable to proceed to the journey's end. They left the boat and met appellant. Returning to Raymond's boat-house, they secured a small boat with which they attempted to bring the larger boat back to the boat-house. They were unsuccessful. The smaller boat stopped and had to be abandoned before they reached the boat-house. They were unable to return either boat to the boat-house.

There is no evidence in the record, as we view it, showing the fraudulent intent on the part of appellant and his companions to permanently appropriate the boats to their own use or benefit, nor to deprive the owner of the value thereof. It appears from the testimony of all of the witnesses in behalf of the state that the first boat was taken solely for the purpose of using it to carry the whiskey to Riviera Beach, and that the parties intended to return it after the journey had been made. The second boat was taken for the purpose of bringing the large boat back to the boat-house. One of the witnesses for the state said: "We took the little boat so we could go and get the big one. We went there and tried to get the big boat back." The same witness said: "It was not our intention to steal. We agreed to get it out there at Red Fish Bay and get it back that night." The witness was speaking of the large boat that had been taken for the purpose of transporting intoxicating liquor. Speaking of the large boat, another witness testified: "After it was taken to Riviera that was the end of my part and I was to take the boat back." As stated before, the little boat appears from the record to have been used for no purpose other than in an effort to bring the large boat back to the boat-house. The conduct of appellant and his companions was reprehensible, but, under the record presented here, the taking of the boats did not, in law, constitute theft, either under the statute or the decisions of this court. Smith v. State, 146 S. W. 547; Aeby v. State, 206 S. W. 685.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.