OSCAR KISER V. THE STATE.

No. 21573. Delivered April 23, 1941.

The opinion states the case.

*R. E. Eubank,* of Paris, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

KRUEGER, Judge.

Appellant was convicted of the theft of an automobile and his punishment assessed at confinement in the State penitentiary for a term of two years.

It appears from the State's testimony that on the night of July 29, 1940, a 1929 Model "A" Ford, which belonged to R. C. Bean, was taken from the public square in the town of Clarksville, where it had been parked earlier in the day. Some four or five days later, Bean found the car sitting alongside of the road leading from Bagwell to Manchester, and about four or five miles north of Bagwell. At the time Bean recovered the car, it would not start as both the coil and the distributor cap were gone. A screw driver, wrench and rubber mat from the floor of the car were gone, as well as some groceries which were in the car at the time it was taken. The value of the lost articles amounted to approximately ten dollars. Mr. Bean did not know who took his car.

Roosevelt Riddle, who was in Clarksville on the night in question and had parked his car on the public square, noticed a Ford car parked near where he was sitting in his own car talking to a young lady. Sometime between 9:00 and 10:00 o'clock P. M., appellant came to Mr. Riddle's car and asked if he might ride home with him. After talking to Riddle a few

minutes, appellant went to the Ford car, got in it and drove it away. Appellant lived in the same direction from Clarksville as the place where the car was subsequently discovered. Appellant was indicted for the theft of the car. He made bond for his appearance but left the country and failed to appear when his case was called for trial and his bond was forfeited. He was subsequently arrested and tried with the result as above stated.

A number of questions are presented for review, but in the disposition which we are making of this case, we do not deem it necessary to discuss each and every question in detail.

Appellant complains because the court failed to instruct the jury on the law of circumstantial evidence and also declined to submit appellant's special requested instruction thereon. A careful study of the evidence leads us to the conclusion that appellant was entitled to such an instruction and that the learned trial court fell into error in declining to give the same. The only testimony connecting appellant with the stolen car is that of the witness Riddle, who testified that on Saturday night in June or July, he was sitting in his parked car on the public square of Clarksville when appellant came up and engaged in a conversation with him for some four or five minutes at the expiration of which he saw appellant get into a Model "A" Ford car parked nearby and drive away. This is the only description the witness gave of the car upon his direct examination. Upon cross-examination Riddle testified as follows:

"I have stated that Kiser left there and I saw him get in a car, and it looked to me like a Model "A" Ford. I think I have seen that car since. I saw it after that around here in town. I don't know when was the next time I saw the car after that, but it was a good while, and not so long either. I was told it was the car, but I have forgotten now who told me. I saw Mr. Bean driving the car * * * I identified it by the fact that Mr. Bean was in it and driving it."

The stolen car was a 1929 Model "A" Ford. Appellant was seen driving away in a Model "A" Ford, but there was no reference as to the year in which the car was made or its color. Consequently, whether the car which appellant drove away from the public square in Clarksville on the night in question was a 1929 Model "A" Ford and was the car belonging to Bean rested entirely upon circumstantial evidence. Hence, a charge on circumstantial evidence should have been given.

We are also of the opinion that the inference to be drawn from the facts and circumstances relied upon by the State to

establish appellant's fraudulent intent to permanently appropriate the car are quite as consistent with the theory that he merely took the car for temporary use and not to deprive the owner thereof. See Galloway v. State, 126 Texas Cr. R. 294; Weeks v. State, 25 S. W. (2d) 855; Aeby v. State, 206 S. W. 685, 84 Texas Cr. R. 231.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.