Juana VARGAS, a/k/a Juanta Vargus, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–90–00790–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 31, 1991.

James M. Leitner, Houston, for appellant.

Roger A. Haseman, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and CANNON, JJ.

## OPINION ON MOTION FOR REHEARING

### J. CURTISS BROWN, Chief Justice.

Appellant entered a plea of not guilty before the jury to the offense of theft by appropriation of stolen property with a value greater than $750, but less than $20,000. *See generally* TEX. PENAL CODE ANN. § 31.-03(a), (b)(3) (Vernon 1989). Appellant was convicted, and the jury assessed punishment at confinement in the Harris County Jail for one year. Upon the jury's recommendation, appellant's sentence was probated. In four points of error, appellant complains of the sufficiency of the evidence and of fundamental error in the indictment and the court's charge to the jury. In a single cross-point of error the State complains that the appellant's sentence was void. We affirm in part and reverse and remand in part.

Appellant's arrest and indictment were the result of a police "sting" operation conducted at the Shepherd Pawn Shop in Houston. The pawn shop was under investigation due to information that it was involved in buying stolen property. Larry Doreck, a Houston Police officer, testified for the State. Doreck "pawned" several items of jewelry to appellant after representing to her that the property was stolen. After appellant was arrested, the property was recovered and returned to the custody of the Houston Police Department.

Appellant's first and fourth points of error complain of fundamental error in the indictment and the court's charge to the jury. The first point of error complains that the indictment and the court's charge did not include the element of intent to deprive the owner of the property. The fourth point of error complains that the indictment and the court's charge did not require a finding that appellant appropriated the property believing that it was stolen *by another*. Appellant argues that the errors lessened the State's burden of proof and allowed the jury to convict appellant without finding all of the elements of the

offense beyond a reasonable doubt. We disagree.

## INDICTMENT ERROR

The State concedes that the indictment in the present case was defective for failing to allege that appellant acted with intent to deprive the owner of the property and that she appropriated the property believing that it was stolen *by another*. However, the State argues that appellant waived error by failing to object to the defective indictment before trial. We agree.

■ The indictment was presented after the effective dates of the amendments to TEX.CODE CRIM.PROC.ANN. art. 1.14 (Vernon Supp.1991) and Art. V, § 12 of the Texas Constitution. In *Studer v. State*, 799 S.W.2d 263, 273 (Tex.Crim.App.1990), the Court held that the amendments do not require that each constituent element of an offense be pleaded to have a valid charging instrument vesting the trial court with jurisdiction. Since substantive defects are no longer considered to be fundamental in nature, appellant must have objected to the defective indictment pursuant to art. 1.14(b) to preserve error on appeal. *Id.* at 273. Accordingly, we hold that the indictment in the present case was sufficient to vest the trial court with jurisdiction. *See Studer*, 799 S.W.2d at 271; *Rodriguez v. State*, 799 S.W.2d 301, 303 (Tex.Crim.App. 1990). By the express language of art. 1.14(b), appellant's failure to object to the defects before trial waived review of the issue on appeal. *Studer*, 799 S.W.2d at 273; *Rodriguez*, 799 S.W.2d at 303.

## CHARGE ERROR

■ The trial court erred in submitting a charge to the jury which did not include the element of intent to deprive the owner of the property. However, appellant failed to object to the court's charge. In this situation, reversal is required only if the error is so egregious that the accused has been denied a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (Opinion on rehearing), *cert. denied*, 481 U.S. 1019, 107 S.Ct. 1901, 95 L.Ed.2d 507 (1987). The actual

degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole. *Id.*

■ Although not contained in the application paragraph, the trial court's charge instructed the jury that "a person commits the offense of theft if she unlawfully appropriates property *with intent to deprive the owner of the property.*" (emphasis added). This instruction was followed by definitions of "intent", "deprive", "owner", and "property" as they are defined in the Penal Code. Furthermore, the charge's definition of unlawful appropriation includes the statement that "and the defendant appropriates the property believing it was stolen *by another.*" (emphasis added). Moreover, "[p]roperty stolen by another" was defined as "property acquired by theft *by another.*" (emphasis added). In addition, during voir dire the prosecutor stressed that he had to prove the intent of the accused. The record clearly reflects that appellant's intent and beliefs were the most hotly contested issues in the trial. Our review of the record also indicates that the evidence introduced at trial overwhelmingly shows appellant's disregard for the rights of the true owner of the property she acquired. Furthermore, the record clearly reflects that Officer Doreck represented to appellant that he had stolen the property himself. None of the evidence even suggests that appellant stole the property. Therefore, if the jury found that appellant appropriated the property believing that it was stolen, they must have found that appellant believed the property was stolen *by another.* Based upon the entire jury charge and an evidentiary review of the record before us, we hold that appellant was not so egregiously harmed that she did not receive a fair and impartial trial. Appellant's first point of error is overruled.

■ Appellant's second and third points of error complain of the sufficiency of the evidence to support her conviction. When confronted with a challenge to the sufficiency of the evidence, an appellate court must determine whether, viewing the evidence in a light most favorable to the verdict, a rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). The appellate courts ensure only the rationality of the factfinder, serving as a final due process safeguard. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight given their testimony. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App. 1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). With this standard of review in mind, we will now address appellant's remaining points of error.

In her second point of error, appellant asserts that the evidence is insufficient to prove beyond a reasonable doubt that she acted with intent to deprive the owner of the property. Appellant contends that Officer Doreck was the "special" owner of the property. To "deprive" is "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." TEX. PENAL CODE ANN. § 31.01(3)(A) (Vernon 1989). The evidence shows that Doreck pawned the jewelry to appellant and, therefore, Doreck was entitled to redeem the property in sixty days. Appellant argues that the evidence is insufficient to prove her intent to deprive because the proof only shows an intent to temporarily withhold the property until the loan was paid. We disagree.

Officer Doreck represented to appellant that he had stolen the jewelry. After Doreck told appellant that he could steal more jewelry, appellant stated that she would buy anything that was gold, but that she really wanted some big diamonds. Doreck "pawned" more jewelry to appellant the following day, which he represented as stolen. When Doreck told appellant that he was going to break in to a nice house the following day and asked what she wanted, appellant stated that she wanted some big

diamonds. The conversations between appellant and Doreck during these transactions were tape recorded. The tape was admitted into evidence and played for the jury. Appellant testified that she did not remember the transactions.

▇▇▇▇ Officer Doreck was not the owner of the property. The owner of the property was the victim of the original theft. Stolen property does not lose its character as stolen when recovered by a law enforcement agency. TEX. PENAL CODE ANN. § 31.-03(c)(5) (Vernon 1989). A jury is entitled to accept or reject any part of a witness' testimony. *Penagraph v. State,* 623 S.W.2d 341, 343 (Tex.Crim.App.1981). Whether appellant's intent to withhold from Doreck was permanent or temporary, the jury could reasonably infer that appellant had the intent to permanently deprive the true owner of the property. Viewing the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found that appellant acted with the intent to deprive the owner of the property. We overrule appellant's second point of error.

▇▇▇▇ Appellant's third point of error asserts that the evidence is insufficient to prove beyond a reasonable doubt that Officer Doreck explicitly represented to her that the property was stolen, or that appellant believed that the property was stolen. Officer Doreck's original representation to appellant was that: "Just because I stole this ring don't mean you have to steal it from me." Appellant contends that the words "steal" and "stole" mean a good deal in the bartering trade, therefore, Doreck's representation was ambiguous rather than explicit.

Based upon our review of the record before us, we conclude that the evidence was sufficient for the jury to find that Officer Doreck explicitly represented to appellant that the property was stolen. In addition to Doreck's testimony outlined in our discussion of appellant's second point of error, Doreck further testified that when he gave the first ring to appellant, he stated that he only steals good jewelry and that the diamond was missing from the ring because he used it in payment for a ride after he ripped off the ring. The

jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight given their testimony. *Bonham,* 680 S.W.2d at 819. The jury was entitled to accept or reject any part of Doreck's testimony. *See Penagraph,* 623 S.W.2d at 343. Likewise, the jury was entitled to accept or reject appellant's testimony that she did not believe that the property was stolen. *See id.* Viewing the evidence in a light most favorable to the verdict, we find that a rational trier of fact could have found beyond a reasonable doubt that Doreck explicitly represented to appellant that the property was stolen and that appellant believed that the property was stolen. Appellant's third point of error is overruled.

## VOID SENTENCE

▇▇▇▇ By way of a cross-point, the State contends this case should be remanded to the trial court for a new punishment hearing. The State argues that due to the trial court's error appellant was assessed a misdemeanor punishment for a felony offense. The statute governing the State's right to appeal provides that it "is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment." TEX.CODE CRIM.PROC.ANN. art. 44.01(c) (Vernon Supp.1991). The validity of appellant's sentence is a matter of law, appellant was obviously convicted in the case, and appealed the judgment. Therefore, the State's cross-point was properly brought before this court, and we will consider its merit.

The jury assessed punishment of the appellant at a probated sentence of confinement in the Harris County Jail for one year. Since this was a third degree felony conviction, the jury under section 12.34 of the Texas Penal Code could have assessed punishment at two to ten years confinement in the Texas Department of Criminal Justice, or not more than one year of confinement in a community correctional facility. Additionally, section 12.34 provides that the jury may assess up to a $10,000. fine against an accused who is convicted and sentenced to imprisonment. TEX. PENAL CODE ANN. § 12.34 (Vernon Supp.1991).

The State gives a lengthy argument on the contention that the jury cannot probate a sentence of confinement in a community correctional facility. This is not a correct statement of the law. Article 42.12 of the Texas Code of Criminal Procedure provides that "in a third-degree felony case punished under Section 12.34(a)(2), Penal Code, the period of probation shall be for a period of time not to exceed the maximum confinement applicable to the offense or two years, whichever is greater." Tex.Code Crim.Proc.Ann. art. 42.12, § 3 (Vernon Supp.1991). Therefore, the probation of such a sentence would not be error. However, such an argument is irrelevant, because the appellant was not sentenced to confinement in a community correctional facility, but instead was sentenced to confinement in the Harris County Jail.

Thus, the State's alternative argument, that the jury was not authorized to assess appellant's punishment at confinement in the Harris County Jail, is really applicable to the facts in this case. Confinement to the jail is punishment for a Class A or B misdemeanor offense and is not an authorized punishment for a third-degree felony. *See* Tex. Penal Code Ann. §§ 12.21, 12.22, 12.34 (Vernon 1974 & Supp. 1991). Since appellant was indicted, tried and convicted of a third-degree felony, the punishment assessed by the jury violates their statutory authority under the Penal Code. Therefore, appellant's sentence was void and we grant the State's cross-point of error.

The judgment of the trial court is affirmed as to appellant's conviction of theft by appropriation of stolen property. The trial court's judgment, however, is reversed as to the assessment of punishment at one year of confinement in the Harris County Jail. This case is remanded to the trial court for a new punishment hearing.