Keith Thomas KUCZAJ, Appellant,

v.

The STATE of Texas, Appellee.

No. 2–91–185–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 3, 1993.

Joanne M. Shipley, Denton, for appellant.

Bruce Isaacks, Dist. Atty., David C. Colley and Stacy Scofield, Assts., Denton, for appellee.

Before FARRIS and DAY, JJ., and HARRY HOPKINS, J. (Retired) sitting by assignment.

## OPINION

DAY, Justice.

Keith Thomas Kuczaj appeals his conviction of burglary of a habitation. TEX.PENAL CODE ANN. § 30.02(a)(1) & (3) (Vernon 1989). The jury assessed punishment at forty-five years imprisonment in the Texas Department of Criminal Justice, Institutional Division, and a $2,000 fine.

We affirm.

The indictment in this case charged that Kuczaj burglarized the home of David Lenz on November 25, 1990. David Lenz is married to Kuczaj's sister, Karen. At trial the Lenzes' neighbor, Meryl Hand, testified that she was returning to her home on November 25, 1990, just after 3:00 p.m. Hand testified that she noticed the Lenzes' garage door was up and a car she had never seen before was parked in the Lenzes' driveway. Hand further testified that the car pulled out of the Lenzes' driveway and proceeded down the alleyway towards Hand's car. When Hand pulled over to enable the car to pass, she saw the face of the driver of the car. While on the witness stand, Hand identified the driver as Kuczaj.

David Lenz testified that he and Karen returned to their home later that same day, only to discover that it had been burglarized. The Lenzes soon ascertained that their VCR, television, and stereo were gone and called the police. David further testified that he did not give Kuczaj or anyone else permission to take the items from his home, that the Lenzes had locked their house and closed the garage door when they left earlier that day, that Kuczaj had no key to their home, and that a window at the back of the house was broken.

Officer William Janecek, of the Carrollton Police Department, testified that he was assigned to investigate the burglary. Janecek testified that he obtained the serial numbers of the stolen items from the owner's manuals and wrote them down in his police report. Janecek further testified that the serial number on the VCR was VR9622AT and 55057464. On cross-examination Janecek admitted that he had not actually seen the serial numbers on the equipment because the items were already gone. Based on a list prepared for insurance purposes, Karen Lenz also testified that the serial number of the VCR stolen from her home was 55057464.

Gilbert Barrera, an employee at Dallas Pawn & Gun, testified that he accepted the pawn of a VCR and a television from Kuczaj. Barrera testified that he identified Kuczaj from his Texas driver's license and wrote Kuczaj's name on the pawn ticket. Barrera also testified that the serial num-

bers on the VCR and television were 55057464 and 3017215441, respectively. The pawn ticket was dated November 25, 1990.

In his first and fifth points of error, Kuczaj complains the trial court improperly admitted evidence of the serial numbers on the police report and insurance list and improperly admitted the pawn slip. Kuczaj contends that, absent the serial numbers and the pawn slip, the evidence is insufficient to sustain his conviction. In his second and third points of error, Kuczaj complains the trial court improperly admitted prejudicial evidence of his drug abuse. In his fourth point of error, Kuczaj complains the trial court improperly admitted evidence of a prior unadjudicated offense.

■ We will consider the first and fifth points of error together. In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex. Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on reh'g). This standard is the same in both direct and circumstantial evidence cases. *Id.*

■ In a circumstantial evidence case, however, if the evidence supports an inference other than the guilt of the defendant, a finding of guilt beyond a reasonable doubt is not a rational finding. *Id.* at 472. Nonetheless, when independent evidence exists of a burglary, and the evidence shows that: (1) the defendant possessed recently stolen property; (2) the possession of the stolen property is exclusive or personal to the defendant; and (3) the possession is unexplained and indicative of a distinct and conscious assertion of right to the property by the accused, the evidence is sufficient to sustain a conviction for burglary. *Dickerson v. State,* 740 S.W.2d 567,

570 (Tex.App.—Fort Worth 1987, pet. ref'd). *See also Harris v. State,* 656 S.W.2d 481, 483 (Tex.Crim.App.1983).

■ In the case before us, independent evidence exists of a burglary of the Lenzes' home. The Lenzes' neighbor testified that, on the afternoon of the robbery, she saw a car in the Lenzes' driveway that she had never seen before and identified Kuczaj as the driver of the car. David Lenz testified that he and his wife discovered that their house had been burglarized upon their return home later that same day. David also testified that certain items, including a VCR, television, and stereo, had been stolen.

Additionally, the VCR serial numbers listed on the police report, insurance list, and pawn slip are identical. Officer Janecek testified that the serial number listed on the police report matched the number on the pawn ticket. Karen Lenz also testified that the serial number on the insurance list matched the number on the pawn ticket. Thus, if the trial court properly admitted this information, the evidence shows that Kuczaj's conduct satisfied the other three factors set out in *Dickerson.* Kuczaj contends, however, that the serial numbers are hearsay evidence and were erroneously admitted because no exception to the hearsay rule was shown to be applicable.

The State urges that Kuczaj failed to preserve error with regard to Officer Janecek's testimony. At trial, defense counsel made the following objections to admission of the serial numbers from Officer Janecek's offense report: "Insufficient foundation. No exception shown" and "object under the hearsay Rule 803, Subsection 5. Recorded recollection has not been shown ... nor has 803, Subsection 6 been shown."

■ Defense counsel's insufficient foundation objection lacked the requisite specificity to preserve error on this point. A general objection of this sort is tantamount to no objection. *McCarley v. State,* 763 S.W.2d 630, 632 (Tex.App.—San Antonio 1989, no pet.). Notwithstanding, defense counsel's objections under TEX. R.CRIM.EVID. 803(5) and (6), while arguably

less articulate than the ideal, were specific enough to adequately advise the trial court why the proffered evidence was inadmissible. Thus, the trial court erred in admitting Officer Janecek's testimony.

■ Officer Janecek was not the only person to testify regarding the stolen property, however. Karen Lenz also testified that the serial number of the VCR stolen from her home matched the number of the VCR listed on the pawn ticket. Karen also identified the signature on the ticket as that of her brother, Keith Kuczaj.

Kuczaj complains that Karen's testimony, based on the insurance list, was also improperly admitted hearsay. Karen testified that she had personal knowledge of all the items listed, that it would be very·difficult for her to remember the serial numbers of the items without aid of the list, that she took the numbers off the manufacturers' cards she and her husband had, that she wrote the VCR serial number in her own handwriting, and that she prepared the list the day after or within the week after the burglary. This testimony is sufficient to satisfy Rule 803(5).[1]

■ Kuczaj also asserts the trial court should not have admitted Karen's testimony because the VCR serial number on the insurance list was illegible, *i.e.,* a zero was represented by two dots. Karen testified, however, that she personally wrote the number down, that she knew how she wrote her numbers, and that the number in question was a zero. Based upon this testimony, the trial court's admission of the VCR serial number was not in error. We therefore find that the trial court properly admitted Karen's testimony. Additionally, in light of Karen's testimony, we find beyond a reasonable doubt that the trial court's error in admitting Officer Janecek's testimony made no contribution to Kuczaj's conviction or punishment. TEX. R.APP.P. 81(b)(2).

■ In his fifth point of error, Kuczaj attacks the pawn slip as improperly admitted hearsay. Kuczaj contends there was never a showing that pawn slips were kept in the regular course of the pawn shop's business or that it was a regular business practice to prepare the slips. Gilbert Barrera, the pawn shop employee, testified: that pawn slips were prepared in the regular course of the shop's business for each and every pawn; that he personally took the items from Kuczaj and prepared the pawn slip, thus having knowledge of what was written down; that he wrote down the serial numbers as Kuczaj handed him the items; that he was the custodian of the pawn slip records; that Kuczaj was the person listed on the pawn ticket; that Barrera identified Kuczaj from Kuczaj's driver's license; that Kuczaj pawned a Magnavox VCR and an Emerson 19–inch color TV; and that the serial number on the VCR was 55057464. This testimony satisfies the requirements of TEX.R.CRIM.EVID. 803(6).[2] *See Mitchell v. State,* 750 S.W.2d 378, 379 (Tex.App.—Fort Worth 1988, pet. ref'd). We therefore find that the trial

---

1. TEX.R.CRIM.EVID. 803 provides, in pertinent part:

    The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

    . . . .

    (5) **Recorded Recollection.** A memorandum or record concerning a matter about which a witness once had personal knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly, unless the circumstances of preparation cast doubt on the document's trustworthiness.

2. TEX.R.CRIM.EVID. 803(6) provides, in pertinent part:

    The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

    . . . .

    (6) **Records of Regularly Conducted Activity.** A memorandum, report, [or] record, . . . in any form, of acts [or] events, made at or near the time by . . . a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, [or] record, . . . all as shown by the testimony of the custodian or other qualified witness . . . , unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

court properly admitted Barrera's testimony.

Moreover, we find this evidence sufficient to show that Kuczaj possessed recently stolen property and that the possession of the stolen property was exclusive or personal to Kuczaj, unexplained and indicative of a distinct and conscious assertion of right to the property by Kuczaj. Accordingly, this evidence is sufficient to sustain Kuczaj's conviction for burglary. *Dickerson*, 740 S.W.2d at 570.

Kuczaj's final argument under his first point of error is that the State failed to show Kuczaj intended to permanently deprive the Lenzes of their property. Kuczaj contends the familial relationship between himself and the Lenzes, coupled with the fact that the property was pawned and not sold support an inference other than Kuczaj's intent to *permanently* deprive the Lenzes of their property.

"Deprive" means "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." TEX.PENAL CODE ANN. § 31.01(3)(A) (Vernon 1989). The jury charge limited this definition to "withhold property from the owner permanently." Deprivation is not an element of intent to deprive. Therefore, the State need not prove actual deprivation in order to prove intent to deprive. *Rowland v. State*, 744 S.W.2d 610, 612 (Tex.Crim.App. 1988). While evidence of actual deprivation may be evidence of intent to deprive, other evidence may also indicate whether intent to deprive exists. *Id.*

Examples of evidence that Kuczaj intended to deprive the Lenzes of their property can be inferred from Kuczaj's failure to ask the Lenzes if he could borrow the property, Kuczaj's entry of the Lenzes' home without their permission or knowledge, and Kuczaj's failure to inform the Lenzes or admit to them that he had taken the property.

Moreover, the fact that the deprivation later became temporary does not automatically mean there was no intent to deprive permanently or for so long as to satisfy the statutory definition. *Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Crim.App. [Panel Op.] 1981). In *Griffin* the appellant forced a cab driver out of his taxicab at gunpoint. Then the appellant got in the front seat of the cab and drove away. *Id.* at 156. On appeal, the appellant argued that his driving the taxicab only a few miles and leaving it parked on a street while he walked a mile away from it meant that no rational trier of fact could have believed beyond a reasonable doubt that he had an intent to deprive the owner when he took the cab. *Id.* at 159. The Court of Criminal Appeals disagreed, finding the evidence sufficient to support the appellant's conviction. *Id.* See also *Vargas v. State*, 818 S.W.2d 875, 879 (Tex.App.—Houston [14th Dist.] 1991, no pet.) (whether appellant's intent to withhold property from owner was permanent or temporary, jury could reasonably infer appellant had intent to permanently deprive).

We find that the jury could reasonably have concluded, from the evidence presented, that Kuczaj intended to permanently deprive the Lenzes of their property. The mere fact that Kuczaj only pawned the equipment for a loan, rather than selling it, did not necessarily create an inference that Kuczaj intended to return the equipment if he was able to repay the loan.

Because we find that the admission of Officer Janecek's testimony was not harmful error, that the trial court properly admitted Karen Lenz's and Barrera's testimony, and that the jury could reasonably have concluded that Kuczaj intended to permanently deprive the Lenzes of their property when he took it, we overrule Kuczaj's first and fifth points of error.

In points of error two and three, Kuczaj complains the trial court improperly admitted prejudicial evidence of his drug abuse at the punishment phase of trial. The contested evidence consisted of: (1) a penitentiary packet containing Kuczaj's ten prior felony convictions; and (2) testimony by Kuczaj's wife, Rita, concerning why Kuczaj may have needed money at the time

of the burglary. The penitentiary packet contained the following notation: "Scars and Marks: Needle tracks, insd bnd lft f/arm, Burn scar outsd lft f/arm, Cut scar rt sd, Cut scar frt rt knee, Burn scar upr rt thigh[.]" At trial, defense counsel objected to this evidence as prejudicial and not relevant to the case. *See* TEX.R.CRIM.EVID. 403.

Rita Kuczaj, a defense witness, testified on cross-examination that if Kuczaj needed money at the time the burglary was committed "it would probably be for his drug abuse." Before this testimony was given, defense counsel objected to it on relevance grounds. The trial court overruled the objection.

On appeal Kuczaj maintains that these two pieces of evidence caused the jury to punish him for being a drug addict, which is not a crime in and of itself, rather than for committing the burglary. Kuczaj asserts that the contested evidence in the pen pack had no probative value in a burglary case and may have contributed to the jury's assessment of punishment. Notably, Kuczaj raises no objection on appeal to the other portions of the pen pack, which evidenced Kuczaj's ten prior felony convictions for theft and robbery.

If the record in a criminal case reveals error in the proceedings below, we must reverse the trial court's judgment unless we determine beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. TEX. R.APP.P. 81(b)(2). Without ruling on the propriety of the trial court's actions in this case, we find beyond a reasonable doubt that the pen pack and Rita Kuczaj's testimony did not contribute to Kuczaj's punishment.

The State referred to neither the contested pen pack evidence nor Rita Kuczaj's testimony at closing argument. The jury was informed that it could assess five to ninety-five years imprisonment or life and up to a $10,000 fine. The jury assessed punishment at forty-five years imprisonment and a $2,000 fine. Moreover, the jury had before it evidence of Kuczaj's ten prior felony convictions for theft and robbery. Based on this evidence alone, the jury could have assessed Kuczaj's punishment as it did. We overrule Kuczaj's second and third points of error.

■ By his fourth point of error, Kuczaj complains the trial court improperly admitted evidence of an unadjudicated offense. At the punishment phase of trial, Kuczaj's mother, Rosalie Kuczaj, testified as follows:

Q. [DEFENSE COUNSEL] Has Keith been a loving son to you?

A. Always.

. . . .

Q. What's your son's character like, Mrs. Kuczaj?

[PROSECUTOR]: Your Honor, I object to the form of that question. And it's an improper character question.

THE COURT: Overruled.

Q. [DEFENSE COUNSEL] That means you may answer.

A. Keith is kind and good and loving. And he's not a bad person. And I think he made a mistake. . . .

. . . .

Q. Any other characters [sic] of Keith that you would wish to testify to today other than kind, good and loving?

A. He's always done everything he could to help us. He's helped—When his sisters and brothers needed anything, he would help them. I think he's helping.

Q. Is he hard working?

A. Yes.

Q. Any other character traits, Ms. Kuczaj?

A. No, not that I can think of.

On cross-examination, Rosalie Kuczaj testified as follows:

Q. [PROSECUTOR] Now, you said that your son, the Defendant in this trial, is kind and good. Isn't it true back in October of 1990 he stole a great deal of money from you and your husband?

[DEFENSE COUNSEL]: I'm going to object. Violation of the motion in limine, Your Honor.

THE COURT: Overruled.

[DEFENSE COUNSEL]: Also unconvicted offense.

THE COURT: Overruled.

[DEFENSE COUNSEL]: And hearsay. Thank you, Your Honor.

Q. [PROSECUTOR] Answer the question, please.

A. Yes, he did.

In the face of a timely objection, evidence of specific conduct ordinarily is inadmissible at the punishment phase of trial, either to show the character or circumstances of the offender in general, or as relevant to the suitability of the accused for probation. *Drew v. State,* 777 S.W.2d 74, 75–76 (Tex.Crim.App.1989). In *Drew* the Court of Criminal Appeals held that the trial court erroneously admitted evidence of the accused's alleged extraneous offense. *Id.* at 76. The court noted, however, that had the accused tendered his psychologist's opinion as to the accused's future threat to society in the first instance, the State could have admitted testimony of the extraneous offense at its option. *Id.*

If the accused "opens the door" by presenting specific conduct evidence of his own, the State may admit its misconduct evidence in rebuttal. *Id.* at n. *See also Murphy v. State,* 777 S.W.2d 44, 67 (Tex. Crim.App.1988) (opinion on reh'g) (accused who shows in the first instance that he has never been "in trouble" before has "opened the door" to rebuttal evidence that may include proof of specific bad acts); *King v. State,* 773 S.W.2d 302, 303 (Tex.Crim.App. 1989).

In this case, we find that Kuczaj opened the door to the State's evidence of specific bad acts by his mother's testimony that Kuczaj is kind, good, and loving and that he had always done everything he could to help his family. Accordingly, the trial court's admission of evidence regarding Kuczaj's theft from his parents was not improper. We overrule Kuczaj's fourth point of error.

The trial court's judgment is affirmed.