MEMORANDUM OPINION

No. 04-04-00606-CR

William Steven BAXTER, Jr.,
Appellant

v.

THE STATE OF TEXAS,
Appellee

From the 216th Judicial District Court, Kerr County, Texas 
Trial Court No. A03-309
Honorable Stephen B. Ables, Judge Presiding
 
Opinion by:    Sandee Bryan Marion, Justice
 
Sitting:            Sarah B. Duncan, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice

Delivered and Filed:   September 28, 2005

AFFIRMED

            Defendant, William Steven Baxter, Jr., appeals his conviction for unlawful possession of a
firearm by a felon. After a jury found defendant guilty, he elected to have punishment assessed by
the trial court. Defendant entered a plea of “true” to the enhancement paragraphs in the indictment
and was sentenced to life imprisonment. Defendant raises three issues on appeal. We affirm.
 
 
BURDEN OF PROOF AND INEFFECTIVE ASSISTANCE OF COUNSEL
            In his first issue, defendant argues the State failed to carry its burden of proof by not
establishing the validity of a prior conviction used for enhancement purposes. Specifically,
defendant asserts the information in a pen packet from a 1992 conviction, which the State offered
for enhancement purposes, includes insufficient documentation that links defendant to that
underlying conviction. Defendant contends that because the underlying judgment of conviction, the
fingerprint on the judgment, the cause number, much of the body of the judgment, and the related
fingerprint cards are all illegible, the judgment cannot be used to enhance his case. 
            Contrary to defendant’s assertion, the State is relieved of its burden to prove a prior
conviction alleged for enhancement when a defendant pleads true or guilty to the enhancement
paragraph. Harvey v. State, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981). Accordingly, a defendant
who pleads true to an enhancement paragraph may not challenge the sufficiency of the evidence to
prove allegations contained in the enhancement paragraph. Id. Here, prior to sentencing, defendant
pled true to the enhancement paragraph included in the present indictment, which alleged defendant
had a 1992 conviction for the felony offense of burglary of habitation. Therefore, the State was
relieved of its burden of proof on this issue and defendant may not complain on appeal about the
sufficiency of the evidence. Manning v. State, 112 S.W.3d 740, 744 (Tex. App.—Houston [14th
Dist.] 2003, pet. ref’d). Accordingly, we overrule defendant’s first issue. 
            Defendant next asserts defense counsel was ineffective regarding his plea of true to the
enhancement paragraph. Defendant contends counsel failed to object to the enhancement paragraph
despite the alleged defects in the pen packet used to prove the conviction and failed to advise him
to plead not true to that enhancement paragraph. According to defendant, without the complained
of enhancement, there are insufficient prior convictions to enhance defendant to “habitual offender
status.” Therefore, defendant argues counsel’s errors harmed him because permitting him to plead
true invited a much harsher punishment than could have been assessed otherwise. 
            To prevail on his claims, defendant must show: (1) counsel’s performance fell below an
objective standard of reasonableness; and (2) a reasonable probability exists that, but for trial
counsel’s errors, the result would have been different. See Strickland v. Washington, 466 U.S. 668,
687-88, 694 (1984); Hernandez v. State, 988 S.W.2d 770, 772-73 (Tex. Crim. App. 1999). 
Defendant bears the burden of proving ineffective assistance of counsel by a preponderance of the
evidence. See Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). We indulge a strong
presumption that trial counsel rendered effective assistance. See Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994). We do not judge trial counsel’s performance with the benefit of
hindsight. See Miniel v. State, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992). We do not inquire into
counsel’s trial strategy unless such strategy does not have a plausible basis. See Johnson v. State,
614 S.W.2d 148, 152 (Tex. Crim. App. [Panel Op.] 1981). For appellant to prevail, the record must
support his claims of ineffective assistance of counsel. See Johnson v. State, 691 S.W.2d 619, 627
(Tex. Crim. App. 1984).
            It is conceivable defendant could have pled not true, refused to stipulate to any of the matters
to which he stipulated, and, if the State had not brought further proof of finality of the challenged
enhancement conviction, defendant could have successfully challenged the sufficiency of the
evidence proving the enhancement paragraph. Harrison v. State, 950 S.W.2d 419, 423
(Tex.App.—Houston [1 Dist.]1997, pet. ref’d). However, this assumes the State was not prepared
to prove these matters without defendant’s cooperation. Id. We decline to make this assumption. 
Accordingly, we overrule defendant’s second issue.
EXTRANEOUS OFFENSE EVIDENCEDefendant also claims the trial court erred by admitting extensive evidence of extraneous
burglary offenses that were not alleged in the indictment. According to defendant, the admission of
this evidence posed substantial harm and contributed to his conviction. The admission of evidence
is a decision within the discretion of the trial court. Montgomery v. State, 810 S.W.2d 372, 378
(Tex. Crim. App. 1990) (op. on reh’g). Thus, the trial court’s admission of evidence will be
reviewed under an abuse of discretion standard. Id. at 379-80. This standard means that as long as
the trial court’s ruling was within a “zone of reasonable disagreement,” there is no abuse of
discretion and the trial court’s ruling will be upheld. Rachel v. State, 917 S.W.2d 799, 807 (Tex.
Crim. App. 1996).
            Generally, evidence of other criminal acts or wrongful acts is not admissible to prove a
person’s guilt. Tex. R. Evid. 404(b); Avila v. State, 18 S.W.3d 736, 740 (Tex. App.—San Antonio
2000, no pet.). In this case, the trial court admitted evidence of the extraneous acts based on the
“same transaction contextual evidence exception” to Rule 404(b). “Same transaction contextual
evidence” is a recognized exception to Rule 404(b) and consists of other offenses related to the main
offense. Garza v. State, 2 S.W.3d 331, 335 (Tex. App.—San Antonio 1999, pet. ref’d) (citing
Lockhart v. State, 847 S.W.2d 568, 570 (Tex. Crim. App. 1992)). This evidence is admissible when
it “is necessary for the state to logically present evidence of the charged offense.” Id. The evidence
is admissible to enable a jury to hear all relevant facts surrounding the circumstances of the charged
offense. Pondexter v. State, 942 S.W.2d 577, 584 (Tex. Crim. App. 1996); Moreno v. State, 721
S.W.2d 295, 301 (Tex. Crim. App. 1986). “Where several crimes are intermixed or blended with
one another, or connected so that they form an indivisible criminal transaction, and full proof by
testimony ... of any one of them cannot be given without showing the others,” the evidence is
considered “same transaction contextual” and is admissible as an exception to Rule 404(b).
Pondexter, 942 S.W.2d at 584; see also Rogers v. State, 853 S.W.2d 29, 32 (Tex. Crim. App. 1993).
Defendant contends the evidence surrounding the burglaries does not constitute “same transaction
contextual evidence” and is inadmissible under Rule 404(b). We disagree.
            The facts of the case indicate several rifles and other stolen property were discovered in a
motel room in which defendant was staying. At the time of the search, defendant was not in the
room. Therefore, it was a necessary evidentiary burden on the State to place the defendant in
possession of the firearms with knowledge of their existence in the room. To meet this burden, the
State offered the testimony of two burglary victims, who identified items stolen from their respective
residences in the same burglaries in which the firearms, later found in the motel room, were stolen. 
The State also offered the testimony of a pawn shop manager who provided testimony dealing with
a pawn ticket identifying defendant as having pawned jewelry that had been stolen in one of the
burglaries in which the firearms had been stolen. This evidence indicates defendant participated in
the disposition of the property taken in the burglaries. Because the burglary and possession offenses
are interrelated, we hold this evidence constitutes “same transaction contextual evidence” that is
admissible under Rule 404(b). See Kuczaj v. State, 848 S.W.2d 284, 288-89 (Tex. App.—Fort
Worth 1993, no pet.) (testimony of pawn shop employee, pawn slip, and insurance lists indicating
that defendant pawned a VCR having same serial number as that stolen from victim was sufficient
to show defendant possessed recently stolen property and that possession was exclusive or personal
to defendant, and was unexplained and indicative of distinct and conscious assertion of right to
property by defendant so as to sustain conviction for burglary of habitation).
             Having determined that the evidence was admissible, we must next consider whether the
probative value of the evidence was outweighed by its prejudicial effect. Many courts have
recognized the considerable freedom granted to trial judges’ evaluations of the probative value of
proffered evidence in relation to its prejudicial effect. Montgomery, 810 S.W.2d at 378; see also
Winkfield v. State, 792 S.W.2d 727, 732 (Tex. App.—Corpus Christi 1990, pet. ref’d) (finding that
a trial court’s decision on the relationship of probative value of evidence over the prejudicial effect
will not be disturbed unless there is a clear abuse of discretion). Clearly, this evidence was a crucial
link in establishing defendant maintained possession and control of the firearms. We cannot say the
trial court abused its discretion in determining that the probative value of the evidence outweighed
the prejudicial effect of its admission. Accordingly, we overrule defendant’s third issue.
 

CONCLUSION
            We overrule defendant’s issues on appeal and affirm the trial court’s judgment. 
 
Sandee Bryan Marion, Justice
DO NOT PUBLISH