

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00022-CR

ANTHONY PRESCOTT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. F15-1942-211, Honorable Sherry Shipman, Presiding

September 19, 2019

MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant Anthony Prescott appeals from his conviction by jury of two counts of robbery[1] and the resulting ten-year concurrent sentences of imprisonment assessed by the court. He challenges his convictions through two issues. We will affirm.

---

[1] TEX. PENAL CODE ANN. § 29.02 (West 2018).

## Background

The two counts of robbery for which appellant was indicted arose from threats he made against two members of a family, causing them to accede to his demand for the keys to their car.

At trial, the State presented evidence to show that in early June 2015, a stepfather, mother and adult daughter were staying at a Denton hotel. After an outing, the family returned to the hotel. On their return, the stepfather, Robert, was driving, his wife was in the passenger seat, and the daughter in the back right-hand seat. The daughter, then twenty-five, testified she got out of the car first. Appellant approached her and asked her to give him the car keys. She tapped on her mother's passenger-side window to get her attention. Appellant grabbed the daughter's arm, and told her, "give me the keys or I will hurt you." Appellant's other arm was behind his back and she could not see his hand. Robert got out of the driver's seat and reached to get a gun he carried. Then realizing the gun was in the hotel room, Robert told appellant he could have the car if he would let his family go. Appellant told him "give me your f**king keys to your car or I'm going to hurt your daughter."[2]

Robert gave appellant his keys and appellant began to get into the car. As he did so, Robert slammed the car door on him. Appellant asked him why he was trying to "hurt my family."[3] Robert testified appellant then either dropped the keys or threw them at him

---

[2] Robert recounted the events a little differently, but the differences are not pertinent to appellant's issues.

[3] Some witnesses said appellant asked, "why he was trying to hurt him."

and "went to try to run away." He chased appellant but stopped when appellant went into the hotel lobby. Appellant ran into the hotel and, after trying to kick in several doors on the third floor and yelling "let me in," finally went into a room.[4] Two responding officers later entered that room and arrested appellant.

Robert testified that during the incident, appellant said something about his family and seemed agitated. Other witnesses, including the daughter, a responding officer, and a bystander, testified appellant said his family had been "kidnapped by police" and was being "held hostage by the cops." Some of the witnesses also described appellant's demeanor as "aggressive," "belligerent," and "real erratic…very agitated, very angry." The front desk hotel clerk said appellant "seemed very confused and kind of aimless." The clerk also agreed that he believed appellant posed a danger to him and to the guests of the hotel.

After the jury heard the evidence presented, it found appellant guilty of each count of robbery. The court then held a punishment hearing after which it assessed the punishment noted. This appeal followed.

---

[4] Before the robbery took place, appellant did something similar. He went to the third floor and kicked on doors, saying "let me in."

Analysis

Issue Two—Sufficiency of the Evidence to Prove Intent to Deprive Owner of Property

We begin our analysis with a discussion of appellant's second issue. Through that issue, appellant argues the jury erred when it found appellant guilty of two counts of robbery because the State failed to prove, beyond a reasonable doubt, that appellant had the intent to permanently deprive Robert of his vehicle.

In assessing the sufficiency of the evidence, we review all the evidence, both proper and improper, in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Ross v. State*, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004). When reviewing all of the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *Brooks v. State,* 323 S.W.3d 893, 906-07 (Tex. Crim. App. 2010) (plurality op.). Under the *Jackson* standard, it is the jury's role to reconcile conflicts, contradictions, and inconsistencies in the evidence, and to judge the credibility of witnesses. *Id.* at 900.

A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a)(2) (West 2018). In a prosecution for the offense of robbery, the "intent to deprive an owner of property" is an element of theft the State must prove. TEX. PENAL CODE ANN. §31.03(a)

4

(West 2018); *Griffin v. State,* 614 S.W.2d 155, 158 (Tex. Crim. App. 1981). "Deprive" means "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." *Hoyle v. State,* No. 05-96-00827-CR, 1997 Tex. App. LEXIS 4443, at *6-7 (Tex. App.—Dallas Aug. 21, 1997, no pet.) (mem. op., not designated for publication) (citing TEX. PENAL CODE ANN. § 31.01(2)(A); *Thomas v. State*, 753 S.W.2d 688, 691 (Tex. Crim. App. 1988); *Roberson v. State*, 821 S.W.2d 446, 447-48 (Tex. App.—Corpus Christi 1991, pet. ref'd)). Deprivation "may not be proven by evidence that the defendant intended only a temporary withholding of the property." *Id.* (citing *Griffin*, 614 S.W.2d at 158).

But actual deprivation is not the required element of the offense. *Id.* (citing *Draper v. State,* 539 S.W.2d 61, 68 (Tex. Crim. App. 1976); *Kuczaj v. State*, 848 S.W.2d 284, 289 (Tex. App.—Fort Worth 1993, no pet.)). The State is required to prove the "defendant's *intent* to deprive at the time of the taking." *Id.* (citations omitted) (italics in original). The State does not need to prove actual deprivation in order to prove intent to deprive. *Id.* Evidence other than actual deprivation may indicate whether intent to deprive exists. *Id.* Further, the fact that a "deprivation became temporary does not automatically mean the defendant had no intent to deprive permanently or for so long as necessary to satisfy the statutory definition." *Id.* (citations omitted). Intent to deprive is determined from the words and acts of the defendant. *Id.* (citing *Griffin*, 614 S.W.2d at 159; *Banks v. State,* 471 S.W.2d 811, 812 (Tex. Crim. App. 1971); *Roberson*, 821 S.W.2d at 448).

Appellant, citing *Griffin,* 614 S.W.2d at 158 and *Kiser v. State,* 150 S.W.2d 257 (Tex. Crim. App. 1941), argues that because the theft statute requires that a defendant

5

"intend to permanently deprive the owner of the property, a theft or robbery conviction cannot be procured if the defendant intended only a temporary withholding of the property." He contends evidence presented at trial supports his assertion because multiple witnesses testified that appellant "appeared confused, aimless, erratic, and unstable" on the evening of the robbery. Appellant points also to testimony that it was possible for a person with mental health issues to display some of the behavior appellant exhibited. Lastly, appellant points to the testimony of several witnesses that they heard appellant say his family was being held hostage by the police in one of the hotel rooms. All of this, appellant asserts, shows appellant was incapable of committing the offense because no rational factfinder could conclude he had the requisite intent to permanently deprive Robert of his vehicle.

We disagree. As the State discusses, appellant's references to his family were vague and did not support appellant's argument that he sought temporary use of Robert's car. Appellant's arguments are, at best, speculative in nature. We do not disagree that appellant's use of Robert's car ended up being of very short duration. But the State was required to prove appellant's *intent* in taking the car. The jury had before it evidence to show appellant sought the use of Robert's car. The record does not show appellant intended anything other than to take Robert's car for whatever use he had planned. That might have been to remove his family from the hotel, or it might have been for another purpose entirely. There is simply no evidence showing appellant intended only a temporary use of the car. *See Galloway v. State,* 71 S.W.2d 871, 872 (Tex. Crim. App. 1934) (use of car was temporary because defendant made it clear he wanted the beer

inside the car, not the car itself); *Kiser,* 150 S.W.2d at 257-58 (use of car was temporary because there was evidence the defendant sought a car simply for a ride home).

Accordingly, we find the mere fact that appellant's deprivation of the car was temporary does not render the State's evidence of his intent to deprive Robert of his car insufficient. *Hoyle,* 1997 Tex. App. LEXIS 4443, at *7 (citations omitted). Appellant's words and actions, while unusual, demonstrated his intent to take the car. The record does not contain any evidence establishing that appellant did not intend to take the car for a period sufficiently long to satisfy the requisites of the statute. A rational factfinder could reasonably infer from the evidence presented that appellant intended to deprive Robert of the car for a period sufficient under the statute. The evidence is thus sufficient to support that element and to support appellant's convictions for robbery.

We resolve appellant's second issue against him.

Issue One—Temporary Use Instruction

We turn now to appellant's first issue. He argues the trial court erred when it denied his request for a "temporary use" jury instruction because "not having the specific intent to deprive the owner of property *permanently* is an affirmative defense to the offense of robbery and the jury should have been given the applicable law to apply during its deliberations."

Appellate review of alleged jury charge error is a two-step process. *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015) (citation omitted). If the court concludes there was jury charge error, we are required to conduct a harm analysis. *Id.* The nature

of the harm analysis depends on whether the purported jury charge error was preserved for review by a proper objection. *Id.* If there was a timely objection to the jury charge, reversal is required if there was some harm to the appellant. *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016).

We review the trial court's denial of a requested jury instruction for abuse of discretion. *Threadgill v. State,* 146 S.W.3d 654, 666 (Tex. Crim. App. 2004). Under article 36.14, a trial court is required to submit a charge setting forth the law applicable to the case. Tex. Code Crim. Proc. Ann. art. 36.14 (West 2017). In determining whether a requested jury instruction should have been given, we consider whether the evidence adduced by either party, when viewed in the light most favorable to the appellant, is sufficient to raise the defensive issue. *Scroggs v. State,* 396 S.W.3d 1, 12-13 (Tex. App.—Amarillo 2010, pet. ref'd, untimely filed) (citing *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999)). "An accused has the right to an instruction on any defensive issue raised by the evidence, whether such evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of this evidence." *Id.* (citing *Miller v. State*, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991)). However, an instruction is not required when an affirmative defense is without evidentiary support. *Id.* (citing *Dyson v. State*, 672 S.W.2d 460, 463 (Tex. Crim. App. 1984) (self-defense)).

Appellant cites *Griffin*, 614 S.W.2d at 158, and older cases, for the proposition that, if raised by the evidence, a defendant is entitled to a jury instruction that a reasonable doubt as to whether the defendant intended only a temporary use of property calls for

acquittal of a robbery charge. The 1981 *Griffin* opinion does contain such a statement, but we think it has been superseded by later holdings of the Court of Criminal Appeals.[5]

In *Walters v. State,* 247 S.W.3d 204, 211-12 (Tex. Crim. App. 2007), the Court of Criminal Appeals discussed various defenses and stated, "generally speaking, neither the defendant nor the State is entitled to a special jury instruction relating to a statutory offense or defense if that instruction (1) is not grounded in the Penal Code, (2) is covered by the general charge to the jury, and (3) focuses the jury's attention on a specific type of evidence that may support an element of an offense or a defense. In such a case, the non-statutory instruction would constitute a prohibited comment on the weight of the evidence."

In *Giesberg v. State,* 984 S.W.2d 245, 250-51 (Tex. Crim. App. 1998), the court concluded that "because the authority to establish what constitutes a defense rests solely with the Legislature…a defense which is not recognized by the Legislature as either a defense or as an affirmative defense does not warrant a separate instruction." (citations omitted). Temporary use related to the intent to deprive element of the offense of theft does not appear in the Penal Code as a defense, affirmative defense, or justification. *See* TEX. PENAL CODE ANN. §§ 8.01 (Insanity); 8.02 (Mistake of Fact); 8.03 (Mistake of Law); 8.04 (Intoxication); 8.05 (Duress); 8.06 (Entrapment); 9.21 (Public Duty); 9.22 (Necessity); 9.31 (Self-Defense); 9.32 (Deadly Force in Defense of Person); 9.33 (Defense of Third Person); 9.34 (Protection of Life or Health); 9.41 (Protection of One's

---

[5] *See* COMM. ON TEXAS CRIMINAL PATTERN JURY CHARGES, STATE BAR OF TEXAS: TEXAS CRIMINAL PATTERN JURY CHARGES: CRIMINAL DEFENSES, NONSTATUTORY DEFENSIVE POSITIONS AND JURY INSTRUCTIONS, PJC 20.4 (2015).

9

Own Property); 9.42 (Deadly Force to Protect Property); 9.43 (Protection of Third Person's Property); 9.44 (Use of Device to Protect Property) (West 2018).

Further, a "defensive issue which goes no further than to merely negate an element of the offense alleged by the State in its indictment does not place a burden of proof upon a defendant to establish it." *Giesberg,* 984 S.W.2d at 250. Appellant's defense of temporary use, if believed, simply casts doubt on the State's proof of appellant's specific intent to deprive the victims of their vehicle. *Id.* The issue of temporary use is thus "sufficiently embraced in a general charge to the jury that the defendant is presumed innocent until he or she is proven guilty beyond a reasonable doubt." *Id.* Appellant had the opportunity to present his defensive theory of temporary use to the jury and the general jury instruction provided would have permitted the jury to consider such an argument. *Id.* (citations omitted).[6]

Lastly, if we are mistaken and the temporary use instruction would have been available in a proper case, we agree with the State that nothing in this record supports appellant's entitlement to such an instruction. Any connection between appellant's procurement of the car and his use of it to transport his family away from what he may have believed was a hostage situation was vague and speculative. And, even if the jury believed appellant sought the car for that use, there is nothing indicating the use would

---

[6] The trial court also included in the charge an instruction authorizing the jury to find appellant guilty of the lesser-included offense of attempted unauthorized use of a motor vehicle.

have been temporary, thus distinguishing this case from those appellant cites.[7] If the trial court had included a temporary use instruction in its charge to the jury, it would have thus constituted a prohibited comment on the weight of the evidence.

For those reasons, we overrule appellant's first issue.

Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.[8]

James T. Campbell
Justice

Do not publish.

---

[7] Appellant cites *Kiser,* 150 S.W.2d at 257-58, *Galloway*, 71 S.W.2d at 872, and *Weeks v. State*, 25 S.W.2d 855, 856 (Tex. Crim. App. 1930) as support for his position.

[8] On the day this opinion was scheduled to be issued, appellant filed with the court a document entitled, "Ex Parte Motion and Affidavit In Support of Appellant Brief." Nothing in that document permits a disposition of the appeal different than the court has ordered.