ROBERT GALLOWAY V. THE STATE.

No. 16591. Delivered May 16, 1934.

The opinion states the case.

*Jones & Linscome,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

The prosecuting witness, T. C. Newton, was transporting a quantity of beer in his automobile from Louisiana to Texas. Appellant and J. E. Swindel drove up behind him, and forced him to stop. Approaching him, they asked him what he had in his automobile. He replied, "Nothing." They then advised him that they were going to place him under arrest for transporting intoxicating liquor as they could tell that the car was "loaded." After finding the beer appellant and Swindel ordered the prosecuting witness to get back in his car, telling him they were going to take him to Beaumont and place him under arrest. Swindel got in the car with the prosecuting witness and drove toward Beaumont. Appellant followed them in his car. When they were a short distance beyond the town of Dayton the prosecuting witness told Swindel that he knew him and appellant. Further, he told Swindel that he would like to get out of the car. Swindel replied, "Get the hell out of here." Leaving him in the road, appellant and Swindel drove on toward Beaumont. Upon reaching town, the prosecuting witness reported the occurrence to officers. An officer of the city of Beaumont instituted a search for the lost car and found it on the same day it had been taken on Steelton Street in the city of Beaumont. The beer had been removed and apparently was not recovered. Neither appellant nor Swindel were in possession of the car at the time it was found. The keys were in the ignition switch.

The indictment charged the taking of the automobile, there being no averment that appellant took possession of the beer. Appellant timely and properly excepted to the charge of the court for its failure to instruct the jury to acquit him if they believed he took the automobile, not for the purpose of appropriating it to his own use and depriving the owner of its value, but only for the purpose of transporting the beer. In other words, appellant sought to have the jury instructed that the mere temporary appropriation of the car with no intent to steal

it would not constitute robbery. It is the announcement of the decisions that robbery is an aggravated form of theft. Hence the intent to steal the property at the time it is first taken is essential to the crime of robbery. In prosecutions for theft it must appear that the accused entertained the fraudulent intent to permanently appropriate the property to his own use and benefit, and deprive the owner of the value thereof. Aeby v. State, 206 S. W., 685; Weeks v. State, 25 S. W. (2d) 855. It follows that in cases of robbery the fraudulent intent to deprive the owner of the value of the property must be present. See Barton v. State, 227 S. W., 317; State v. Morris et al, (Supreme Court of Appeals of West Virginia), 122 S. E., 914; Guffey v. Continental Casualty Company, (Supreme Court of Kansas), 197 Pac., 1098. If the jury had been given the instruction appellant sought they might have concluded that there was no intention on the part of appellant to deprive the prosecuting witness of the value of his car, but on the contrary, that the appropriation thereof was temporary and for the purpose alone of transporting the beer to a point where it could be removed from the car and disposed of. We think the circumstances reflected by the record raised the issue appellant sought to have submitted to the jury.

Upon another trial the law of prinicpals should be applied to the facts, and the converse charged thereon.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.