W. B. FLOYD (ALIAS "SNOOKS") V. THE STATE.

No. 17523.   Delivered April 17, 1935.
Rehearing Denied May 29, 1935.

The opinion states the case.

*Henry Bishop* and *W. E. Myres,* both of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft of an automobile, and his punishment was assessed at confinement in the State penitentiary for a term of two years.

The testimony adduced by the state shows that on the night of the 29th day of November, 1933, R. L. Lemmley's auto-

mobile was stolen. It was found the next morning by the officers about seven miles from the place where it was taken and it was stripped of the wire wheels, headlights, tail light, battery, a door glass and tires. About 8:30 o'clock on the next morning the appellant, H. Grider, and Melvin Butler were arrested at the home of one Cummings on Broadway in the city of Fort Worth and charged with the theft of said automobile. Grider testified in behalf of the State that he, Butler, and appellant took the car, drove it about seven miles from the point where it was taken, and that they then stripped it; that they did not intend to steal the car but intended to take the wheels, headlights, tail light, battery and tires. Melvin Butler, the other accomplice, testified in behalf of the appellant that he and Grider borrowed apellant's car under the pretense of taking some young ladies riding but that instead of doing so they stole the alleged automobile and Grider drove the stolen car while he, Butler, drove appellant's car to the place where they stripped the stolen car. Mrs. Floyd, mother of the appellant, testified that Butler and Grider borrowed appellant's car on the night of November 29, 1933, to take some young ladies riding; that her son, the appellant, did not go with Grider and Butler but remained at home; that the next morning when they, Grider and Butler, had not returned his car, he went out to look for them and soon thereafter she was informed they had been arrested.

The appellant's first contention is that the testimony is insufficient to sustain his conviction because the accomplice Grider is not corroborated. We can not agree with the appellant. If we eliminate the testimony of the accomplice Grider, we still have the testimony that appellant, Grider, and Butler were found the next morning riding in apellant's car in the turtle back of which were parts of the alleged stolen car; being in possession of at least a part of the stolen car, it connected him with the theft of it.

The appellant's next contention is that inasmuch as the State's testimony showed that they merely took the car with the intent to remove certain parts thereof, he would not be guilty of theft of the automobile, but if guilty of anything, he would merely be guilty of removing parts of a motor vehicle under article 1346, P. C. We can not agree with the appellant in his contention because when the car was taken and driven seven miles from the place where it was parked, they then and there deprived the owner of it and appropriated it to their own use and benefit. If they had stripped the car at the

place where it was parked and had not moved it, a different question might have been presented. See Hermosia v. State, 110 Texas Crim. Rep., 8; Dunn v. State, 34 Texas Crim. Rep., 257.

We have examined all of the appellant's bills of exception but none disclose any error. The judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant presents a motion for rehearing upon three propositions. First, that the accomplice witness Grider was not sufficiently corroborated. Proof by non-accomplice witnesses that there was found in a car being driven by appellant many of the things which had been taken from the stolen automobile tended to connect him with the theft and was sufficient corroboration. Second, that Galloway v. State, 71 S. W. (2d) 871, supports appellant's contention that the court should have instructed the jury that if the appellant took the car for the purpose of stripping it he would not be guilty of theft of the car, but would be guilty of a misdemeanor only. When the car was found the four wheels and a spare wheel had been taken off, also the head light, tail light, battery, door glass, and tires were gone. The car was not usable as an automobile. Galloway v. State (supra) is not in point. The case of Escobedo v. State, 88 Texas Crim. Rep., 277, 225 S. W., 377, is upon the facts almost exactly like the present case, and the holding therein supports the conclusion announced in our original opinion. Third, that the trial court erred in permitting officer Cobb to testify as to a statement made to him by Butler. The latter testified for appellant, and claimed that he (Butler) and Grider stole the car. A predicate was laid to impeach Butler through the statement to Cobb. We fail to discover any error disclosed by the bill complaining of the matter.

The motion for rehearing is overruled.

*Overruled.*