MARVIN STUBBLEFIELD V. THE STATE.

No. 20,596. Delivered November 22, 1939.
Rehearing Denied January 17, 1940.

The opinion states the case.

*Penn J. Jackson,* of Cleburne, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is theft of an automobile; the punishment, confinement in the penitentiary for two years and eight months.

Appellant and Bonnie Stevens went to a dance hall, pushed an automobile belonging to Mrs. Gladys Crabtree down the highway and stripped it of several accessories, including the horns and a radio. According to the testimony of the State, appellant sold the horns which had been taken from the stolen car to Luther Blackstock for two dollars, which he (Blackstock) placed on his "pickup" car. The horns were recovered and identified by Mrs. Crabtree. Bonnie Stevens, the accomplice witness, testified for the State on his direct-examination that he and appellant stole the car. On cross-examination he said: "We did not intend to take the car off and keep it. We intended to take these things off of it and leave it there. That is what we said, that we didn't want anything but the things on it. Marvin (appellant) said he could sell the horns. I never did intend to take the car off and keep the whole car." Appellant did not testify.

There is nothing in the record to show that the car when found could only be used as a vehicle by the assembling of the missing parts, or others similar thereto. On the contrary, it is inferable that the accessories taken from the car did not impair it to the extent that it could not be used in the condition in which it was left. This being true, the holding in the case of Escobedo v. State, 225 S. W. 377, does not militate against the conclusion that appellant was entitled to a charge that if he took the car with the intent to strip certain accessories therefrom and not to permanently appropriate the car he should be acquitted. See also Hermosia v. State, 6 S. W. (2d) 767. Under the testimony of the accomplice witness, we

are gravely doubtful as to the sufficiency of the evidence to support a conviction for theft of the automobile. At all events, we think appellant's exception to the charge for its failure to instruct the jury relative to the issue raised by the testimony of the accomplice witness to the effect that there was no intention to steal the car and appropriate it, but that the parties merely intended to remove the accessories that they did take should have been responded to. It has long been the rule in this court that in a case in which the evidence raises the defensive theory in an affirmative way it is incumbent upon the court to so submit it. Escobedo v. State, supra.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

The State has filed a motion for rehearing in which it is vigorously contended that we erred in our original opinion in holding that the trial court should have instructed the jury to the effect that if appellant took the automobile from the possession of the injured party without her consent, with the intent to remove certain parts thereof and not with the intent to permanently appropriate the entire car, and that such parts as were taken from the car did not amount in value to $50 then they should find him guilty of misdemeanor theft and assess his punishment, etc. He contends that by the removal of the battery, the car was incapacitated from being operated by its own power, and cites us to the case of Floyd v. State, 82 S. W. (2d) 645 as sustaining the State's contention. We do not agree with him. In that case appellant not only took the battery, headlights, tail lights and door glass, but all the wheels. He seems to have stripped the car as completely as possible. We have carefully reviewed the statement of facts to see if there was evidence presented which showed that this automobile could not have been run without a battery, but have been unable to find any such testimony. The record is also silent as to whether or not the car would run when it was first found after the commission of the alleged theft. We do not think we would be authorized to take judicial knowledge that no car could run without a battery, as it is such mechanism

as requires more or less scientific knowledge of mechanical engineering. But it does not require more than a casual observation to realize that a vehicle like a buggy, tractor, or automobile can not be operated without wheels. In the Floyd case, the automobile was stripped of all the wheels and most of the accessories, which reduced it to a mere hull, which no longer constituted an automobile as the same is generally understood. In the instant case, all that was taken seems to have been the horns, a radio, the battery, a floor mat and some wires, the nature of which the record does not disclose. In our opinion, the case at bar comes within the rule announced in the case of Galloway v. State, 71 S. W. (2d) 871.

The motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.