MEMORANDUM OPINION



No. 04-06-00532-CR



Tommy REYES,


Appellant



v.



The STATE of Texas,


Appellee



From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 2004-CR-5283


Honorable Sharon MacRae, (1) Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Rebecca Simmons, Justice


Delivered and Filed: November 28, 2007


AFFIRMED

 Following a jury trial, Tommy Reyes was found guilty of aggravated assault with a deadly
weapon and attempted aggravated sexual assault. He was sentenced to twelve years confinement for
each offense, with the sentences to run concurrently. On appeal, Reyes does not complain of his
conviction for aggravated assault with a deadly weapon; instead, he complains of his conviction for
attempted aggravated sexual assault, arguing that the evidence was legally and factually insufficient
to support the jury's finding. We affirm.Factual Background

 The complainant, C.D, testified that at the time of the incident, which occurred on May 1,
2004, she was living in a mobile home with her mother and three younger brothers. At the time, she
was a high school student and was friends with Reyes, who lived nearby in a mobile home with his
mother. Because her mother only had a prepaid phone and would not let her use it, C.D. would go
to Reyes's house almost every day after school and on weekends to use his phone. C.D. would get
to Reyes's house by walking up an alley that was located between the two mobile homes.

 On the day of the incident, C.D. walked to Reyes's house and used the phone for about an
hour. After she got off the phone, she told Reyes she was going home, and he said he would walk
her halfway. As they walked toward C.D.'s mobile home, C.D. was walking in front of Reyes. When
they were halfway down the alley, she felt something strike her on her head. She turned and saw
Reyes with a hammer in his right hand. She began screaming and running, but he was able to keep
up with her and continue hitting her with the hammer on her head. At some point she put her hand
on top of her head to protect her head, and he struck her hand with the hammer. Reyes then pushed
her into the woods where she fell face down on the ground and got on top of her from behind.
Because C.D. was yelling for help, Reyes covered her mouth with his hand. According to C.D., he
kept telling her that "he had to do it." He put his "hand down to where [her] private was" and
unzipped her zipper. According to C.D., she thought he was going to rape her. At that point, she
urinated on herself. When Reyes felt that she was wet, he got off of her. He then said he was sorry
and told her that if she reported to anybody what had happened, he would kill her. C.D. ran home
screaming and told her mother to call the police. She was taken to the hospital by EMS where she
was treated for her injuries.

Standard of Review


 In a legal sufficiency review, we view the evidence in the light most favorable to the verdict
and then determine whether a rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Prible v. State, 175 S.W.3d 724, 729-30 (Tex. Crim. App.), cert.
denied, 546 U.S. 962 (2005). In a factual sufficiency review, we view all the evidence in a neutral
light and will set the verdict aside only if the evidence is so weak that the verdict is clearly wrong
and manifestly unjust, or the contrary evidence is so strong that the standard of proof beyond a
reasonable doubt could not have been met. Id. at 730-31; see also Watson v. State, 204 S.W.3d 404,
414 (Tex. Crim. App. 2006)

Discussion


 Reyes contends the evidence is legally and factually insufficient to support the jury's finding
that he committed the offense of attempted aggravated sexual assault of C.D.

 Reyes was charged with attempted aggravated sexual assault. The elements of aggravated
sexual assault pertinent to this case are the following: a person intentionally or knowingly causes the
sexual organ of another person, without that person's consent, to contact or penetrate the sexual
organ of another person, including the actor, and the person uses or exhibits a deadly weapon in the
course of the same criminal episode. Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2007). The
attempt language is defined as occurring when a person, with specific intent to commit an offense,
does an act amounting to more than mere preparation that tends but fails to effect the commission
of the offense intended. Id. § 15.01(a) (Vernon 2003). And, if the person attempts an offense that
may be aggravated, his conduct constitutes an attempt to commit the aggravated offense if an
element that aggravates the offense accompanies the attempt. Id. § 15.01(b). 

 To support his legal insufficiency argument, Reyes states that the only evidence of the
attempted aggravated sexual assault is C.D.'s testimony that Reyes tried to unzip her pants and told
her he "had to do this." According to Reyes, C.D. "never testified that she believed that [Reyes] was
going to sexually assault her or that [he] removed her pants or removed his pants." Additionally,
Reyes argues that "there was no evidence that [he] had an erection, removed his pants, or that the
alleged statement he made referred to any sexual act." He also points to testimony that C.D.'s shirt
was not torn and that although C.D. mentioned Reyes attacking her with a hammer to the first police
officer on the scene and to EMS personnel, she did not mention "any elements of the attempted
aggravated sexual assault." 

 Contrary to Reyes's contention, however, there is legally sufficient evidence to support the
jury's finding of attempted aggravated sexual assault. The uncontroverted evidence reveals that
Reyes, while walking behind C.D., hit her on the head with a hammer and that when she screamed
and ran, he chased her and continued hitting her. He then pushed her down into the woods, pinned
her face-down to the ground by getting on top of her, covered her mouth with his hand, put his hand
where her privates are, and unzipped her pants. Reyes then told C.D. that "he had to do it."
According to C.D., she believed Reyes was going to rape her. However, after Reyes realized that
C.D. had urinated on herself, he got off of her, said he was sorry, and told her he would kill her if
she told anyone what had happened. Viewing this evidence in the light most favorable to the verdict,
there is sufficient evidence for the jury to have found that Reyes did something more than
preparation, but less than completing the offense of aggravated sexual assault.

 To support his factual insufficiency challenge, Reyes contends that the testimony, when taken
as a whole, focuses on the aggravated assault and not the attempted aggravated sexual assault. Reyes
again argues that C.D. "never stated that she believed that [Reyes] would sexually assault her." The
record, however, belies this assertion. C.D. testified that she thought Reyes was going to rape her. Reyes also points to the lack of evidence that he had an erection, tried to remove his pants,
or tried to pry open C.D.'s legs. Further, he urges there is no evidence he planned or schemed to
sexually assault C.D. However, Reyes presents no authority to support his argument that any of these
factors are necessary to a finding of attempted aggravated sexual assault.

 In considering whether Reyes intended to commit aggravated sexual assault, we may infer
his intent from his acts, words, or conduct. See Baum v. State, 848 S.W.2d 808, 809 (Tex.
App.--Houston [14th Dist.] 1993, no pet.). Moreover, "[i]t is well established that the attempt
statute does not require that every act short of actual commission be accomplished in order for one
to be convicted of an attempted offense." Gibbons v. State, 634 S.W.2d 700, 706 (Tex. Crim. App.
1982). Thus, even though Reyes points to facts that may be present in an attempted sexual assault
case, it does not necessarily follow that the lack of such evidence makes the evidence in this case
insufficient to support the finding of intent. See Dixon v. State, No. 01-04-01100-CR, 2005 WL
2620541, at *4 (Tex. App.--Houston [1st Dist.] 2005, no pet.) (not designated for publication)
(explaining that although there was no evidence that defendant touched victim's genital area,
removed his own clothing, removed or attempted to remove victim's clothing, or verbally indicated
he wanted to engage in sexual intercourse with victim, the lack of such evidence did not mean that
there was legally insufficient evidence to support a finding of intent to commit attempted sexual
assault).

 When considering Reyes's acts, words, and conduct, it can certainly be inferred that Reyes,
although not accomplishing every act short of actual commission of aggravated sexual assault,
intended to commit an offense of a sexual nature. See Wilson v. State, No. A14-92-01027-CR, 1994
WL 107561, at *5 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd) (not designated for
publication). Viewing the evidence in a neutral light, we cannot say that the evidence in support of
the verdict is so weak as to make the verdict clearly wrong and unjust or against the great weight and
preponderance of the evidence. 

Conclusion


 Because the evidence is both legally and factually sufficient to support the jury's finding that
Reyes committed attempted aggravated sexual assault, we affirm the trial court's judgment. 


 Karen Angelini, Justice

 

DO NOT PUBLISH


1. The Honorable Phil Chavarria presided over the trial. The Honorable Sharon MacRae signed the judgment.