ACCEPTED

07-18-00022-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
6/1/2018 10:42 AM
Vivian Long, Clerk

# IN THE COURT OF APPEALS FOR THE
# SEVENTH DISTRICT OF TEXAS AT AMARILLO

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

6/1/2018 10:42:57 AM

VIVIAN LONG
CLERK

| | | |
|---|---|---|
| **ANTHONY PRESCOTT,** | § | |
| APPELLANT | § | |
| | § | |
| **v.** | § | **No. 07-18-00022-CR** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| APPELLEE | § | |

---

## STATE'S BRIEF

---

FROM THE 16TH JUDICIAL DISTRICT COURT
DENTON COUNTY, TEXAS
TRIAL CAUSE NUMBER F15-1942-211
THE HONORABLE SHERRY SHIPMAN, JUDGE, PRESIDING

**PAUL JOHNSON**
Criminal District Attorney
Denton County, Texas

**CATHERINE LUFT**
Assistant Criminal District Attorney
Chief, Appellate Division

*Oral argument is requested only if Appellant is requesting argument.*

**ANDREA R. SIMMONS**
Assistant Criminal District Attorney
State Bar No.24053478
1450 East McKinney, Suite 3100
Denton, Texas 76209
(940) 349-2600
FAX (940) 349-2751
andrea.simmons@dentoncounty.com

**MICHELLE DOBSON**
**RACHEL NICHOLS**
Assistant Criminal District Attorneys

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ........................................................................... iii

STATEMENT OF THE CASE ......................................................................... 1

STATEMENT OF FACTS ............................................................................... 2

SUMMARY OF THE STATE'S ARGUMENTS ........................................... 5

STATE'S RESPONSE TO APPELLANT'S ISSUE ONE
(JURY CHARGE) ............................................................................................ 6

    Appellant's Contention ............................................................................... 6

    State's Reply ................................................................................................ 6

    Argument And Authorities ......................................................................... 6

        The Trial Judge Did Not Err by Denying
        the Requested Charge ............................................................................. 6

            Standard of Review – Jury Charge Error ................................... 6

            Applicable Jury Charge Law ......................................................... 7

            Affirmative Defense of Temporary Use...................................... 9

            There Is No Evidence Raising the
            Affirmative Defense........................................................................ 9

STATE'S RESPONSE TO APPELLANT'S ISSUE TWO
(SUFFICIENCY) ........................................................................................... 13

    Appellant's Contention ............................................................................. 13

    State's Reply .............................................................................................. 13

    Argument And Authorities ....................................................................... 13

        Standard of Review – Sufficiency ....................................................... 13

        The Evidence is Sufficient to
        Prove Appellant's Intent ...................................................................... 14

CONCLUSION AND PRAYER..................................................................... 19

CERTIFICATE OF COMPLIANCE.......................................................20

CERTIFICATE OF SERVICE.............................................................20

# INDEX OF AUTHORITIES

**Statutes, Codes, and Rules**         **Page**

3 Texas Annotated Penal Statutes 434-35
 (Branch's 3d ed. 1974)..................................................................................9

Tex. Code Crim. Proc. Ann. art. 36.13 (West 2007).....................................7

Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007).....................................8

Tex. Penal Code Ann. §29.02(a)(2) (West 2006) .........................................14

Tex. Penal Code Ann. §31.01(2)(A) (West 2006).........................................14

Tex. Penal Code Ann. §31.03(a) (West 2006) ..............................................14

**Cases**

*Almanza v. State*
 686 S.W.2d 157 (Tex. Crim. App. 1985) (op. on reh'g) .............................7

*Baum v. State*
 848 S.W.2d 808 (Tex. App.—Houston [14th Dist.] 1993, no pet.)..........17

*Blackburn v. State*
 44 Tex. 457 (1876)........................................................................................9

*Booth v. State*
 679 S.W.2d 498 (Tex. Crim. App. 1984)......................................................8

*Brooks v. State*
 323 S.W.3d 893 (Tex. Crim. App. 2010).............................................. 13, 18

*Cortez v. State*
 469 S.W.3d 593 (Tex. Crim. App. 2015).......................................................6

*Delgado v. State*
   235 S.W.3d 244 (Tex. Crim. App. 2007)......................................................8

*Draper v. State*
   539 S.W.2d 61 (Tex. Crim. App. 1976)......................................................15

*Flores v. State*
   888 S.W.2d 187 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).........17

*Galloway v. State*
   71 S.W.2d 871 (Tex. Crim. App. 1934).....................................................10

*Griffin v. State*
   614 S.W.2d 155 (Tex. Crim. App. 1981)................................................ *passim*

*Guevara v. State*
   152 S.W.3d 45 (Tex. Crim. App. 2004)......................................................14

*Jackson v. Virginia*
   443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)...................... 13, 14

*Kuczaj v. State*
   848 S.W.2d 284 (Tex. App.—Fort Worth 1993, no pet.)..........................15

*Lee v. State*
   415 S.W.3d 915 (Tex. App.—Texarkana 2013, pet. ref'd).....................7, 8

*Lugo v. State*
   667 S.W.2d 144 (Tex. Crim. App. 1984)......................................................8

*Nava v. State*
   415 S.W.3d 289  (Tex. Crim. App. 2013)....................................................7

*Ngo v. State,*
   175 S.W.3d 738 (Tex. Crim. App. 2005).....................................................6

*Price v. State*
   457 S.W.3d 437 (Tex. Crim. App. 2015)......................................................7

*Roberson v. State*
  821 S.W.2d 446 (Tex. App.—Corpus Christi 1991, pet. ref'd) ................14

*Rowland v. State*
  744 S.W.2d 610 (Tex. Crim. App. 1988)......................................................18

*Thomas v. State*
  753 S.W.2d 688 (Tex. Crim. App. 1988)......................................................14

*Walters v. State*
  247 S.W.3d 204 (Tex. Crim. App. 2007)..................................................8, 11

*Warren v. State*
  565 S.W.2d 931 (Tex. Crim. App. 1978)......................................................8

*Williams v. State*
  Nos. 01-03-01295-CR, 01-03-01296-CR,
  2005 Tex. App. LEXIS 2059
  (Tex. App.—Houston [1st Dist.] March 17, 20015,
  pet. ref'd) (not designated for publication)................................................17

ANTHONY PRESCOTT,            §
    APPELLANT            §
                     §
    v.            §            **No. 07-18-00022-CR**
                     §
**THE STATE OF TEXAS,**            §
    APPELLEE            §

_____

## STATE'S BRIEF

_____

TO THE HONORABLE COURT OF APPEALS:

## STATEMENT OF THE CASE

The Charges..................................Robbery (Count I); Robbery (Count II)
(C.R. at 8)
Tex. Penal Code § 29.02

The Pleas ............................................................................ Not Guilty
(4 R.R. at 6; C.R. at 89)

The Verdicts (Jury)...................................................................... Guilty
(5 R.R. at 25-26; C.R. at 89)

The Punishments (Jury) ............................ 10 years; ID-TDCJ (Count I);
............................................ 10 years; ID-TDCJ (Count II); concurrently
(7 R.R. at 4-5; C.R. at 89)

1

## STATEMENT OF FACTS

On June 2, 2015, Keeley Taylor was staying at the La Quinta Inn in Denton, Texas, with her mother, Tamera Tanner, and her stepfather, Robert Tanner (4 R.R. at 16-17, 30-31, 90). The family was visiting Denton for a high school graduation (4 R.R. at 18, 30).

After the graduation, the family drove back to the hotel with Robert driving, Tamera in the front passenger seat, and Keeley seated in the rear (4 R.R. at 19, 32, 91). Keeley got out of the car first (4 R.R. at 19, 32, 91-92). Appellant walked up to Keeley and asked her to give him the car keys (4 R.R. at 19). Keeley tapped on her mom's window as Appellant grabbed Keeley's arm (4 R.R. at 20-21, 26). He told Keeley, "give me the keys or I will hurt you" (4 R.R. at 21). His other hand was behind his back (4 R.R. at 21).

Robert told his wife to get out of the car, and then he reached for his gun (4 R.R. at 34, 43-44). But the gun was in the hotel room (4 R.R. at 43-44). Robert told Appellant he could have the car if he would just let Robert's family go (4 R.R. at 34-35, 95-96, 100). As Robert got out of the car, Appellant and Keeley walked around the backside of the car to the driver's side (4 R.R. at 22, 34). Appellant told Robert, "give me your

fucking keys to your car or I'm going to hurt your daughter" (4 R.R. at 33, 93, 95, 100). After Robert gave Appellant the keys, Appellant started to get inside the car, but Robert slammed the car door on him (4 R.R. at 22, 26, 36, 40, 97). Appellant asked Robert why he was trying to hurt his family, said something about his family being in the hotel or being held hostage by the police, then threw the car keys and ran away (4 R.R. at 26-27, 40-42, 98, 100).

Robert and some bystanders chased Appellant and yelled for him to come back to the hotel (4 R.R. at 24, 37, 85, 87). Appellant ran to the backside of the hotel, then the front, and then went inside the hotel lobby (4 R.R. at 37, 41, 91, 101).

Nathan Fenner, front desk receptionist for the hotel, testified that prior to the robbery, hotel residents had complained that Appellant was kicking and banging on doors and yelling "let me in, let me in" (4 R.R. at 47, 55). Next, Nathan saw Appellant harass a lady that just got out of her car (Keeley), and put his hands on her (4 R.R. at 50-51). The woman was terrified (4 R.R. at 51). And after the altercation at the car, Appellant ran away, followed by three or four men (4 R.R. at 51, 58). When Appellant returned to the hotel, he entered the lobby, and went behind

3

the front desk and began answering telephone calls and hanging up on people (4 R.R. at 52, 59). Appellant asked Nathan if the coffee was hot before returning to his hotel room on the third floor (4 R.R. at 53, 59-61). When officers arrived, Nathan opened Appellant's hotel room door (4 R.R. at 54, 69, 109-10). Appellant was in the room with his wife and two children (4 R.R. at 78). Appellant told officers that his family had been kidnapped by police and held in the hotel against their will (4 R.R. at 76, 115, 122).

Appellant was charged with two counts of robbery (C.R. at 8). His counsel requested a jury instruction on "temporary use," arguing that Appellant lacked the intent to permanently withhold the vehicle from the owner (4 R.R. at 28; 5 R.R. at 14-19). The trial court denied the request, and the jury found Appellant guilty as to both counts (4 R.R. at 134; 5 R.R. at 6-7, 25-26; C.R. at 89).

## SUMMARY OF THE STATE'S ARGUMENTS

### *State's Reply To Appellant's Issue One*

The trial judge did not err by denying Appellant's request for a jury instruction as to "temporary use" because the affirmative defense was not raised by any testimony or evidence at trial.

### *State's Reply To Appellant's Issue Two*

Based upon his words and actions, the evidence was sufficient to prove that Appellant intended to permanently deprive the owner of his property.

# STATE'S RESPONSE TO APPELLANT'S ISSUE ONE

## (JURY CHARGE)

## Appellant's Contention

The evidence supported that Appellant only had the intent to temporarily use the property at issue; the trial court erred when it denied Appellant's request for a jury instruction as to "temporary use."

## State's Reply

The trial judge did not err by denying Appellant's request for a jury instruction as to "temporary use" because the affirmative defense was not raised by any testimony or evidence at trial.

## Argument And Authorities

## The Trial Judge Did Not Err by Denying the Requested Charge

### 1. Standard of Review – Jury Charge Error

Alleged jury charge error is reviewed in two steps. *Cortez v. State,* 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). First, the appellate court determines whether error exists in the charge. *Id.* Secondly, if there is error, the appellate court reviews the record to determine whether the error caused sufficient harm to warrant reversal. *Id.; Ngo v. State,* 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005). In assessing the degree of harm, the appellate courts look at "the entire jury charge, the state of

the evidence (including the contested issues and the weight of the probative evidence), the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole." *Nava v. State,* 415 S.W.3d 289, 298 (Tex. Crim. App. 2013) (citing *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)).

If the error was preserved by objection, as in this case, any error that is not harmless will constitute reversible error. *Price v. State,* 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *see also Almanza,* 686 S.W.2d at 171 (if error in the jury charge was subject of timely objection in the trial court, reversal is required if there is "some harm to the accused from the error"). The record must disclose "actual rather than theoretical harm," and the error must have affected the very basis of the case, deprived the defendant of a valuable right, or vitally affected a defensive theory. *Id.*

### 2. Applicable Jury Charge Law

"[T]he jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." Tex. Code Crim. Proc. Ann. art. 36.13 (West 2007). "A trial court must submit a charge setting forth the 'law applicable to the case.'" *Lee v. State,*

415 S.W.3d 915, 917 (Tex. App.—Texarkana 2013, pet. ref'd) (quoting Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007)). "The purpose of the jury charge . . . is to inform the jury of the applicable law and guide them in its application." *Id.* (quoting *Delgado v. State,* 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)).

Under Texas law, the judge must provide the jury with "a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury." Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007). This law requires the trial judge to instruct the jury on statutory defenses, affirmative defenses, and justifications whenever they are raised by the evidence, regardless of whether the evidence is strong, feeble, unimpeached, or contradicted, and even when the trial court thinks that the testimony is not worthy of belief. *Walters v. State,* 247 S.W.3d 204, 208-09 (Tex. Crim. App. 2007) (citing *Booth v. State,* 679 S.W.2d 498 (Tex. Crim. App. 1984); *Lugo v. State,* 667 S.W.2d 144 (Tex. Crim. App. 1984); *Warren v. State,* 565 S.W.2d 931 (Tex. Crim. App. 1978)).

### 3. Affirmative Defense of Temporary Use

The defense of temporary use has been recognized for over one hundred years, as has a defendant's right to an affirmative instruction, when the evidence raises the issue. *Griffin v. State,* 614 S.W.2d 155, 159 (Tex. Crim. App. 1981) (citing *Blackburn v. State,* 44 Tex. 457, 463-64 (1876); 3 Texas Annotated Penal Statutes 434-35 (Branch's 3d ed. 1974)).

### 4. There Is No Evidence Raising the Affirmative Defense

Here, Appellant argues that he raised the affirmative defense of temporary use by questioning witnesses which resulted in testimony that Appellant was confused, erratic, aimless, and unstable on the evening of the robbery (Appellant's Brief at 12). Several witnesses testified that Appellant was "mumbling about his family being kidnapped and held hostage by the police in a room at the hotel" (Appellant's Brief at 12-13). Appellant asserts that because he argued that he was having a "mental health episode," Appellant was "only thinking in temporary terms," and wanted only to use the victim's vehicle to "escape the hotel with his family" (Appellant's Brief at 13). Thus, Appellant argues that the evidence warranted a jury instruction on the affirmative defense of temporary use.

Appellant relies on *Galloway v. State* to support his argument that an instruction on temporary use is appropriate when the facts support that the taking of a vehicle from the owner is not a robbery when the sole reason for taking the vehicle was for a different reason (i.e., transporting illegal beers). 71 S.W.2d 871 (Tex. Crim. App. 1934). However, the facts don't support such a theory in this case. In *Galloway*, the appellants told the owner of the vehicle that they knew he was transporting illegal beer and then took the car only after they verified that the beer was inside. *Id.* The facts of that case indicate that it was not the car that the appellants sought, but rather what was inside the car. To the contrary, in this case, Appellant threatened to hurt the driver's daughter if he did not give Appellant the vehicle. And although some witnesses testified that Appellant mumbled about his family being held hostage by police inside the hotel, there is no relevant connection between Appellant's reference to his family and the victim's vehicle.

Thus, the facts of this case are distinguishable from those in *Galloway* (cited by Appellant). Appellant's words and actions in this case were aimed solely at the taking of the vehicle without a reason for his

actions. Unlike the facts of *Galloway*, there was no evidence to justify or support a jury instruction as to "temporary use" in this case.

Finally, Appellant's argument that the trial judge refused the jury instruction because he did not believe Appellant's theory fails. (Appellant's Brief at 12, 14). Appellant's citation to the trial judge's statements is misconstrued (Appellant's Brief at 15). The prosecutor informed the trial judge that the instruction as to temporary use was only appropriate if the instruction was raised by the evidence (4 R.R. at 131). Appellant then discussed what facts he felt supported the instruction by arguing that Appellant was trying to "assist" his family by taking the vehicle (4 R.R. at 131-32). The trial judge summarized Appellant's theory and then asked the State for a response; the trial judge did not summarize the facts and make a finding that he did not believe the facts, as argued by Appellant (4 R.R. at 132; Appellant's Brief at 15). In fact, the trial judge specifically held that, "I do not believe that the evidence has supported an instruction on temporary use" (4 R.R. at 134). Texas law requires the trial court to instruct the jury on an affirmative defense when it is raised by the evidence. *See Walters,* 247 S.W.3d at 208-09.

Because there is no evidence or testimony raising Appellant's requested jury instruction as to temporary use, the trial court did not err in refusing to instruct on such. This issue should be overruled.

# STATE'S RESPONSE TO APPELLANT'S ISSUE TWO
## (SUFFICIENCY)

## Appellant's Contention

The jury erred when it found Appellant guilty of two counts of Robbery because the State failed to prove beyond a reasonable doubt that Appellant had the intent to deprive the victim of his vehicle permanently.

## State's Reply

Based upon his words and actions, the evidence was sufficient to prove that Appellant intended to permanently deprive the owner of his property.

## Argument And Authorities

## Standard of Review – Sufficiency

In assessing the legal sufficiency of the evidence, all of the evidence is viewed in the light most favorable to the verdict in order to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). The reviewing court must give deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw

13

reasonable inferences from the basic facts to ultimate facts." *Jackson,* 443 U.S. at 318-19. On appeal, the same standard of review is used for both circumstantial and direct evidence cases. *Guevara v. State,* 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

**The Evidence is Sufficient to Prove Appellant's Intent**

A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. Tex. Penal Code Ann. §29.02(a)(2) (West 2006). In a robbery prosecution, "intent to deprive the owner of property" is an element of theft which the State must prove. *See* Tex. Penal Code Ann. §31.03(a) (West 2006); *Griffin,* 614 S.W.2d at 158. "Deprive" means "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." Tex. Penal Code Ann. §31.01(2)(A) (West 2006); *Thomas v. State,* 753 S.W.2d 688, 691 (Tex. Crim. App. 1988); *Roberson v. State,* 821 S.W.2d 446, 447-48 (Tex. App.—Corpus Christi 1991, pet. ref'd).

However, deprivation is not the crucial element that the State must prove. *See Draper v. State,* 539 S.W.2d 61, 68 (Tex. Crim. App. 1976); *Kuczaj v. State,* 848 S.W.2d 284, 289 (Tex. App.—Fort Worth 1993, no pet.). Rather, the State must prove the defendant's *intent* to deprive at the time of the taking. *Draper,* 539 S.W.2d at 68; *Kuczaj,* 848 S.W.2d at 289. The intent to deprive is determined from the words and acts of the defendant. *Griffin,* 614 S.W.2d at 159. The defense of temporary use is available in a robbery prosecution. *Id.*

In this case, Appellant walked up to Keeley and asked her to give him the car keys (4 R.R. at 19). Keeley tapped on her mom's window as Appellant grabbed Keeley's arm (4 R.R. at 20-21, 26). Appellant told Keeley, "give me the keys or I will hurt you" (4 R.R. at 21). His other hand was behind his back (4 R.R. at 21).

Robert told his wife to get out of the car, and then he reached for his gun (4 R.R. at 34, 43-44). But the gun was in the hotel room (4 R.R. at 43-44). Robert told Appellant he could have the car if he would just let Robert's family go (4 R.R. at 34-35, 95-96, 100). As Robert got out of the car, Appellant and Keeley walked around the backside of the car to the driver's side (4 R.R. at 22, 34). Appellant told Robert, "give me your

15

fucking keys to your car or I'm going to hurt your daughter" (4 R.R. at 33, 93, 95, 100). After Robert gave Appellant the keys, Appellant started to get inside the car, but Robert slammed the car door on him (4 R.R. at 22, 26, 36, 40, 97). Appellant aborted his efforts at this point, however "the fact that the deprivation later became temporary does not automatically mean there was no intent to deprive permanently . . ." *Griffin,* 614 S.W.2d at 159.

In the *Griffin* case, the appellant hailed a taxi cab driven by the victim and got inside, became upset at the victim, pointed a gun at the victim, and then the victim exited the cab and ran away. *Griffin,* 614 S.W.2d at 156. Appellant drove away in the cab and was arrested about fifteen minutes later; the car had been parked about a mile away. *Id.* The Court of Criminal Appeals found evidence of intent to deprive sufficient to support the conviction. *Id.* at 159. The Court also noted that the issue of intent was contested and the appellant might have been entitled to an instruction on temporary use, but he failed to request one. *Id.* at 160. But the facts of *Griffin* are distinguishable because the vehicle was a taxi, which is generally a vehicle of temporary usage, and the

appellant's words and actions indicated that he sought to use the cab for that sole purpose.

In this case, however, Appellant's reference to his family was vague and did not support Appellant's argument on appeal that he only needed the vehicle temporarily to assist his family. Rather, Appellant sought to take a personal vehicle from the victim, and threatened to hurt the victim's daughter if the victim did not give him the keys. Thus, the record contains no evidentiary support that Appellant sought only the temporary use of the vehicle. "Based on appellant's actions and conduct at the time, including his use of physical force, the jury would have had ample evidence from which to infer that appellant intended to permanently deprive [the victim] of his car." *Williams v. State,* Nos. 01-03-01295-CR, 01-03-01296-CR, 2005 Tex. App. LEXIS 2059, at \*25 (Tex. App.—Houston [1st Dist.] March 17, 20015, pet. ref'd) (not designated for publication) (citing *Flores v. State,* 888 S.W.2d 187, 191 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (noting that "intent to deprive" element of auto theft is not proved when all evidence presented indicates it was taken for temporary use); *Baum v. State,* 848 S.W.2d 808, 809 (Tex. App.—Houston [14th Dist.] 1993, no pet.);

17

*also citing Rowland v. State,* 744 S.W.2d 610, 613 (Tex. Crim. App. 1988) (noting intent to permanently deprive can be inferred from manner in which property is taken)); *Griffin.* 614 S.W.2d at 155 (holding evidence sufficient to prove intent to permanently deprive, where defendant stole taxicab at gunpoint, despite fact that defendant only drove a few miles).

In conclusion, when viewed in the light most favorable to the verdict, Appellant's actions and words were sufficient evidence from which a rational trier of fact could have inferred an intent to permanently deprive the victim of his property. *See Brooks,* 323 S.W.3d at 912. This issue should be denied.

## CONCLUSION AND PRAYER

Appellant's trial was without reversible error.  The State prays that

Appellant's conviction and sentence be affirmed.


Respectfully submitted,

**PAUL JOHNSON**
Criminal District Attorney
Denton County, Texas

**CATHERINE LUFT**
Assistant Criminal District Attorney
Chief, Appellate Division


/s/ Andrea R. Simmons
**ANDREA R. SIMMONS**
Assistant Criminal District Attorney
State Bar No. 24053478
1450 East McKinney, Suite 3100
Denton, Texas 76209
(940) 349-2600
FAX (940) 349-2751
andrea.simmons@dentoncounty.com

## CERTIFICATE OF COMPLIANCE

The State certifies that the State's Brief in the instant cause contained a word count of 3177, said count being generated by the computer program Microsoft Word that was used to prepare the document.

/s/ Andrea R. Simmons
**ANDREA R. SIMMONS**

## CERTIFICATE OF SERVICE

A true copy of the State's brief has been sent by electronic service through efile.txcourts.gov notification, to counsel for Appellant, Grace Wren, LAW OFFICE OF TIM POWERS, 215 West Oak, Denton, Texas 76201, at grace@timpowers.com, on this, the 1st day of June 2018.

/s/ Andrea R. Simmons
**ANDREA R. SIMMONS**